IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY GENE COPE,

                            Plaintiff,

       v.                                          CASE NO. 17-3187-SAC

CHEROKEE COUNTY SHERIFF'S
DEPARTMENT, et al.,

                            Defendants.

**NOTICE AND ORDER TO SHOW CAUSE**

Plaintiff Bobby Gene Cope, a county inmate appearing pro se, brings this 42 U.S.C. § 1983 civil rights complaint. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Plaintiff's complaint (Doc. #1) is based on the following allegations. Plaintiff is currently incarcerated in the Cherokee County Jail in Columbus, Kansas. He states he has submitted several requests for the bottom bunk but has been repeatedly denied. He alleges he has "scars from surgeries that could disable [him] from jumping up on a top bunk." Doc. #1, p. 3. Plaintiff claims Captain Tippie and the jail staff were on notice of his disabilities. While it is not clear from the complaint, apparently Plaintiff eventually suffered a fall and a "substantial injury." Doc. #1, p. 3-4. He states Sergeant Miller told him to quit faking and get up, Nurse

Wagner refused to treat him, and Sergeant Macafee told him he could not be a trustee due to his injuries.

Plaintiff names the Cherokee County Sheriff's Department, the Cherokee County Jail, and Cherokee County itself as defendants. He requests relief in the form of monetary damages and payment of his hospital bills.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying the *Twombly* standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).

While a pro se plaintiff's complaint must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pro se status does not relieve the plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court need not accept "mere conclusions characterizing

2

pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). In addressing a claim brought under § 1983, the analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id.*

### III. Discussion

Plaintiff's complaint is subject to dismissal for a number of reasons.

#### A. Improper Defendants

Mr. Cope names three defendants, none of which are proper. None of the defendants named is a "person" subject to suit for money damages under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under § 1983); *Krebs v. El Dorado Correctional Facility*, 673 F. App'x 891, 893 (10th Cir. 2016).

To impose § 1983 liability on the county and its officials for acts taken by its employee, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998)(citing *see*

*Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)). The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989). Plaintiff has pointed to no policy or deficiency in the training program used by the Sheriff or Cherokee County and no causal link between any such inadequacy and the allegedly unconstitutional acts or inactions of Sheriff's department staff members.

Because none of the defendants named by Plaintiff are proper, Plaintiff's complaint is subject to dismissal.

**B. Failure to state a claim**

Plaintiff does not state what constitutional right he believes has been violated. Giving his complaint a liberal reading, he may be alleging a violation of his Eighth Amendment rights. The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishment. If Plaintiff is alleging the jail did not provide him with adequate medical care, he must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2008). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez*, 430 F.3d at 1304. In the objective analysis, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has

been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999); *Martinez*, 430 F.3d at 1304 (quoting *Farmer*, 511 U.S. at 834 (quotation omitted)).

Plaintiff has not demonstrated a serious medical need. *See Montez v. Lampert*, 595 F. App'x 789, 792 (10th Cir. 2014). His allegations are conclusory at best. He has not alleged sufficient facts to show he had a condition diagnosed by a physician as mandating treatment or requiring a bottom-bunk restriction. Simply having scars from back surgery "neither present[s] symptoms readily ascertainable to a lay person, nor make[s] it obvious to a lay person that a bottom-bunk assignment was necessary." *Id.* Nor has Plaintiff alleged sufficient facts about the purported "substantial injury" he suffered and any subsequent medical care.

If Plaintiff is alleging the conditions of his confinement amount to cruel and unusual punishment, he must show (1) the "conditions [were] sufficiently serious to implicate constitutional protection"; and (2) "prison officials acted with deliberate indifference to [his] health or safety." *Id.*, quoting *DeSpain v. Uphoff,* 264 F.3d 965, 971 (10th Cir. 2001) (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). To satisfy the first prong of the *Farmer* test, a prisoner must show that "conditions were more than uncomfortable," and instead rose to the level of being "sufficiently serious" so as to "deprive inmates of the minimal civilized measure of life's necessities." *Despain,* at 973 (quoting *Farmer*, at 834); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Eighth Amendment's prohibition on cruel and unusual punishment "'does not mandate comfortable prisons,' and conditions imposed may be 'restrictive and even harsh.'" *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (quoting *Rhodes*, 452 U.S. at 347). Whether the condition complained of is sufficiently serious is evaluated on an objective basis.

*Barney*, 143 F.3d at 1310. Plaintiff has failed to allege facts showing a condition at the Cherokee County Jail that was so serious he was deprived of life's necessities. Therefore, he has failed to state an Eighth Amendment conditions of confinement claim.

Finally, Plaintiff may be attempting to make a claim for retaliation. "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his [constitutional rights]." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990); *Penrod v. Zavaras*, 94 F.3d 1399, 1404 (10th Cir. 1996). However, an "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006)(quotations and citations omitted); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)). Thus, for this type of claim, "it is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990)(plaintiffs must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights.). To prevail, a prisoner must show that the challenged actions would not have occurred "but for" a retaliatory motive. *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001)(citing *Maschner*, 899 F.2d at 949–50; *Peterson*, 149 F.3d at 1144)); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)("[T]he inmate must allege more than his personal belief that he is the victim of retaliation.").

Plaintiff's possible claim of retaliation is also subject to dismissal for failure to allege adequate facts in support of this claim. As noted, a prisoner claiming retaliation must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier*, 922 F.2d at 562 n. 1. In addition, he "must prove that 'but for' the retaliatory motive, incidents to which he refers . . . would not have taken place." *Smith*, 899 F.2d at 949–50; see

6

also *Fogle*, 435 F.3d at 1263–64. Plaintiff's allegations regarding retaliation are generally conclusory, lacking facts to demonstrate any improper retaliatory motive, and without identification of any constitutional right which Plaintiff was exercising that lead to the retaliation.

## IV. Response Required

For the reasons stated herein, it appears that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. The failure to file a timely, specific response waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999). Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including December 4, 2017, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED: This 3rd day of November, 2017, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**