IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOBBY GENE COPE,

           **Plaintiff,**

    v.                        CASE NO. 17-3187-SAC

CHEROKEE COUNTY SHERIFF'S
DEPARTMENT, et al.,

           **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Bobby Gene Cope, a county inmate appearing pro se, brings this 42 U.S.C. § 1983 civil rights action. Plaintiff is incarcerated in the Cherokee County Jail in Columbus, Kansas. He alleges he submitted several requests for the bottom bunk because he has a disability that prevents him from safely using a top bunk. Plaintiff's requests were repeatedly denied. Apparently Plaintiff eventually suffered a fall and a "substantial injury."

Plaintiff names the Cherokee County Sheriff's Department, the Cherokee County Jail, and Cherokee County itself as defendants. He requests relief in the form of compensatory damages and payment of his hospital bills.

On November 3, 2017, the Court entered a Notice and Order to Show Cause (NOSC) (Doc. #4), ordering Plaintiff to show cause by December 4, 2017, why his complaint should not be dismissed due to the deficiencies set forth in the NOSC. Plaintiff has failed to respond by the deadline.

The NOSC found that none of the defendants named by Plaintiff are proper because none are "persons" subject to suit for money damages under § 1983 (*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989); *Krebs v. El Dorado Correctional Facility*, 673 F. App'x 891, 893 (10th Cir. 2016)), and there is no basis for imposing liability pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

The NOSC further found that the complaint was subject to dismissal for failure to state a claim. Plaintiff fails to state a claim for inadequate medical care under the Eighth Amendment because he did not establish he had a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104, 105 (1976). Plaintiff likewise fails to state an Eighth Amendment conditions of confinement claim because he did not allege facts showing a condition at the Cherokee County Jail that was so serious he was deprived of life's necessities. *DeSpain v. Uphoff,* 264 F.3d 965, 973 (10th Cir. 2001). Finally, Plaintiff fails to state a claim for retaliation. His allegations regarding retaliation were conclusory, lacking facts to demonstrate any improper retaliatory motive, and without identification of any constitutional right which Plaintiff was exercising that lead to the retaliation. *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006); *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990).

**IT IS THEREFORE ORDERED** that this action is dismissed for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is denied as moot.

**IT IS SO ORDERED.**

DATED: This 8th day of December, 2017, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**